# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3354 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Jaime Solis v. Cook County Dept. of Corrections | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a former inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the Cook County Department of Corrections violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he spent a month in an "abandoned" building that lacked heat or hot water, and that had other maintenance issues with regard to plumbing, mold, insects, and leaks.

However, the plaintiff must submit an amended complaint. First, the plaintiff has not named a proper defendant. The only named defendant, the Cook County Department of Corrections, is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, at *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.) (the Cook County Department of Corrections is not a suable entity); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.) (the jail is not a suable entity). The plaintiff must name as defendants those individuals whom he alleges were personally and directly responsible for subjecting him to allegedly unconstitutional conditions of confinement.

Furthermore, the document on file fails to state a claim of constitutional magnitude. This is one of many complaints filed by detainees who have been housed for short periods in "Division 3" at the Cook County Jail and there seems to be a myth circulating at the jail that inmates who are assigned to Division 3 are entitled to collect damages in federal court because the building is "abandoned" or "condemned." But these labels do not

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

establish a constitutional claim. Certainly, incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). The Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Nevertheless, punishment in the constitutional sense requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Punishment generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.).

The complaint here fails to state a plausible claim that the plaintiff has been deprived of conditions that satisfy basic human needs. Even though the conditions described, if accurate, are unfortunate and unsatisfactory, the court discerns no viable constitutional claim. To begin, the claims are literally inconsistent. The building cannot both be "abandoned" and routinely occupied by detainees. Furthermore, while some of the conditions described could, in theory, rise to the level of a constitutional claim, the complaint lacks allegations that would make such a claim colorable. The plaintiff alleges that there was a lack of heat in April, for example, but even in Chicago, that bare allegation does not suffice to state a plausible claim that the jail was so cold that it implicated minimum constitutional standards. In like fashion, the complaint states that only two shower heads worked, but the plaintiff does not suggest that he was denied at least weekly showers as a result of the shortage. Similarly, the complaint states that there were "bugs," but does not provide any basis to conclude that the degree of infestation was such as to create a constitutional claim. Likewise, the court will require greater details about the leaky ceiling to determine how severe the problem may have been. Dripping walls would present a less severe adversity than rain falling on inmates' heads.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form, if he believes he can articulate a constitutional violation. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.